# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Philip D. Newberry, | Case 1:24-2639 |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Alan Wilson and Kenneth Paxton, | |
| Defendants. | |

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his First, Second, Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated. The Magistrate Judge, upon its initial review, issued a Report and Recommendation ("R & R") recommending the Court summarily dismiss plaintiff's Complaint without further leave to amend because Plaintiff's complaint failed to state a claim. (Dkt. No. 8). Plaintiff filed a response to the R & R, in which he "acknowledges . . . that the . . . case was not brought in proper form" and indicates that "[h]e does not object to the dismissal." (Dkt. No. 10 at 1). The matter is now ripe for the Court's review.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident*

1

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After a review of the Complaint and the R & R, the Court agrees with the Magistrate that Plaintiff failed to provide factual allegations describing how Defendants violated his rights. In the space on the form complaint for Plaintiff to state facts, Plaintiff wrote "[w]ithout arguing law, I can describe what has/is happening only as 'Lawfare,' deprivation of rights, intentional violations, ex post facto law, civil rights conspiracy." (Dkt. No. 1 at 5). The Court agrees that this is not sufficient to maintain Plaintiff's case.

Additionally, the Court agrees that Plaintiff's case against Defendants also fails because Plaintiff failed to allege how Defendants acted under color of any statute, ordinance, regulation, custom, or usage, of any State. Plaintiff only alleged that "Alan Wilson and Kenneth Paxton are state Attorneys General, elected officials, 'top cop.'" (Dkt. No. 1 at 4). The Court agrees that the doctrine of supervisory liability is generally inapplicable to suits pursuant to 42 U.S.C. § 1983 and that to the extent Plaintiff is suing the Defendants in their supervisory capacities Plaintiff's Complaint is subject to summary dismissal.

Moreover, Plaintiff does not object to the dismissal of his case.

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 8) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE**, without leave to amend, and without service of process the Complaint (Dkt. No. 1).

                                             _s/ Richard Mark Gergel_
                                             Richard Mark Gergel
                                             United States District Judge

July 15, 2024
Charleston, South Carolina